IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**SHAUN GLENWOOD MACK**                                     **PETITIONER**

No. 2:25-CV-00098 BSM/PSH

**C. HUMPHREY, Warden,**[1]
**FCI Forrest City**                                         **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

---

[1] The Clerk is directed to substitute C. Humphrey as the proper respondent. *See* Fed. R. Civ. P. 25(d).

## DISPOSITION

On May 22, 2025, petitioner Shaun Glenwood Mack ("Mack") filed this 28 U.S.C. §2241 habeas corpus action challenging an institutional disciplinary conviction related to possession of contraband he received on September 25, 2023. Mack received the conviction while housed at Marion FCI, but he is now incarcerated at Forrest City FCI.[2] Mack contends he was denied due process in the disciplinary process, the conviction was based upon insufficient evidence, and that he was subjected to arbitrary and capricious discipline. In all, Mack lists five claims – (1) Denial of due process because the evidence was insufficient; (2) denial of due process because the contraband (phone) was found in a common area; (3) denial of due process because he was not allowed to confront the anonymous tip which led to the search; (4) denial of due process because there was no investigation into the possibility of retaliatory planting of the contraband; and (5) he was subjected to arbitrary and capricious discipline. Claims three and four are due process challenges and claims one, two, and five target the sufficiency of the evidence. For relief, Mack seeks expungement of the disciplinary ruling and restoration of his lost good conduct time. Doc. No. 1, page 3.

---

[2] In 2022, Mack pled guilty in the United States Court for the Eastern District of Missouri to distribution of methamphetamine. He was sentenced to 132 months' imprisonment.

2

For the reasons set forth below, the undersigned finds Mack received due process in the disciplinary proceeding and the evidence was sufficient, and recommends the petition be dismissed and the relief requested be denied.

*The Disciplinary Proceedings*

Mack was charged with possessing a hazardous tool and possessing an unauthorized item following a search of his living area, an area which was shared with another inmate. The search, conducted after an anonymous tip alerted prison officials, yielded two phones, nine electronic cigarettes, and one can of chewing tobacco. The incident occurred on September 8, 2023, and Mack was charged the following day. Mack received written notice of the charge on September 12, he was advised of his rights on the following day, and he waived his right to a staff representative and his right to witnesses.

The disciplinary hearing was held September 25, 2023. At the hearing, Mack offered his statement, which the hearing officer summarized:

> At first they said they had an anonymous tip. They said I was harassing them. I had words with a few people because they were trying to control the weights. There is no politics, this is a camp. You can look at my fingers, I don't smoke and I don't chew. The last time I had a shot was 2003. I'm doing what I'm supposed to be doing. It takes two people to lift the lockers. None of the contacts on the phone are mine.

Doc. No. 1, page 5.

The hearing officer found that Mack committed prohibited acts of possessing a hazardous tool and possessing an unauthorized item. He cited the incident report, photographs of evidence, Mack's decision not to make a statement to the Unit Disciplinary Committee, and his decision not to make a statement during the investigation as factors considered in the decision. Mack lost good time credits, among other privileges, as punishment. Doc. No. 1, pages 4-8.

**Due Process Analysis:**

The United States Supreme Court, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), described what process is due a prisoner in the prison disciplinary process: advanced written notice of the charges; a written statement by the factfinder of the evidence relied upon and the reasons for the ruling; an inmate's right to call witnesses and present documentary evidence; and the right to counsel substitutes in some instances. As previously referenced, Mack's third and fourth claims are due process claims. Mack attaches the relevant disciplinary documents to his petition, and these documents show he received advanced written notice of the charges as required. The documents also reflect the factfinder provided a written statement of the evidence relied upon and the reasons for the ruling. Finally, Mack was informed of his right to call witnesses and present documentary evidence, although he waived

his right to call witnesses.  Doc. No. 1, pages 4-9.  The basic safeguards of *Wolff* were provided to Mack.

Mack specifically complains he was unable to confront the person providing the anonymous tip leading to a search of his cubicle.  The safeguards of *Wolff v. McDonnell, supra,* are limited and do not include the right to confront the provider of the anonymous tip.  *See Espinosa v. Peterson*, 283 F.3d 949 (8th Cir. 2002) and *Knight v. Evans*, 2010 WL 3702445 (N.D. Ca. September 15, 2010) (*Wolff* does not include the disclosure of an anonymous tip among the inmate's due process rights).

Mack also complains there was no investigation into the possibility of retaliatory planting of the contraband.  However, the due process afforded by *Wolff* does not include a right to such an investigation.

There is no merit to the claim that he was denied due process.

**Sufficiency of the evidence:**

Claims one, two, and five cited by Mack above challenge the result rendered by the disciplinary hearing officer.  The federal courts do not provide a de novo review of a prison disciplinary court's findings.  *Cummings v. Dunn*, 630 F.2d 649, 650 (8th Cir. 1980); *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974).  The only inquiry to be made by this Court is, therefore, whether "some evidence" supports the decision of the disciplinary board.  *See Superintendent v. Hill*, 472 U.S. 445, 105 S.

Ct. 2768, 86 L.Ed.2d 356, 365 (l985).  *See also Brown v. Frey*, 807 F.2d l407, l4l4 (8th Cir. l986).

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ."  Ascertaining whether this standard is satisfied does not require an examination of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  We decline to adopt a more stringent evidentiary standard as a constitutional requirement.  Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  Revocation of good time credits is not comparable to a criminal conviction, and neither is the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Superintendent v. Hill*, 472 U.S. at 455-56.

According to the disciplinary hearing officer, Mack was convicted based upon the officer's statement, the items recovered from the search, Mack's knowledge of the rules and regulations, and his failure to make statements to the Unit Disciplinary Committee or during the investigation. This evidence is adequate to meet the "some evidence" standard.

In addition to his general challenge to the evidence, Mack contends the evidence against him was insufficient because a phone was found in a common area.

6

The incident report, however, stated that two cell phones were found in his cubicle. The fact that Mack shared the living area with another inmate does not absolve him of responsibility. *See Mason v. Sargent*, 898 F.2d 679 (8th Cir. 1990) and *Flowers v. Anderson*, 661 F.3d 977 (8th Cir. 2011) (collective culpability for contraband found in a shared area is "some evidence" supporting disciplinary sanctions).

Finally, Mack claims he was subjected to arbitrary and capricious discipline – the disciplinary hearing officer "failed to consider the totality of the circumstances and relief solely on the presence of the phone in a shared area without direct evidence of individualized connection" to Mack. Doc. No. 1, page 3. At its core, this is another challenge to the sufficiency of the evidence, and it fails because adequate evidence was adduced against him.

In summary, evidence cited in the disciplinary hearing officer's report constitutes "some evidence" to support the disciplinary conviction, satisfying the requirement of *Hill v. Superintendent, supra*. As a result, the undersigned finds no merit to the Mack's claim that the evidence was lacking. Nor was there any due process deficiency in the proceedings.

The undersigned recommends the petition be dismissed with prejudice and the relief requested be denied.

IT IS SO RECOMMENDED this 25th day of August, 2025.

                                                                           _____

                                                UNITED STATES MAGISTRATE JUDGE